

# Mars Khaimov Law, PLLC

100 Duffy Avenue, Suite 510

Hicksville, NY 11801

Tel.: 929.324.0717

Fax: 929.333.7774

E-mail: mars@khaimovlaw.com

**VIA ECF**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

February 21, 2024

      Re:    *Case 1:23-cv-11007-JMF-JLC Tarr v. Caribbean Food Delights, Inc.*
                <u>Response to Order to Show Cause</u>

Dear Judge Furman:

      Plaintiff submits this letter respectfully in response to Your Honor's Order to Show Cause dated February 14, 2023 as to why Plaintiff filed to move for a default judgment in accordance with the Order dated January 30, 2024.

      As an initial matter, Counsel apologizes to the Court for its failure to abide by the deadline imposed by the January 30th Order. Counsel regrettably read the meaning of the word "shall" in the Order to mean "may" and, erroneously, failed to calendar the deadline. This oversight was neither willful nor deliberate. Counsel will do a better job of closely reading the Court's directives and performing accordingly.

      The February 14, 2024 Order directed Plaintiff to show cause why this action should not be dismissed pursuant to FRCP Rule 41b for failure to prosecute. Plaintiff maintains that dismissal at this stage would be unwarranted, respectfully. Courts evaluating dismissal under FRCP Rule 41(b) must consider:

> (1) the duration of the plaintiff's failures,
> (2) whether the plaintiff had received notice that further delays would result in dismissal,
> (3) whether the defendant is likely to be prejudiced by further delay,
> (4) whether dismissal strikes a proper balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and
> (5) whether lesser sanctions would be sufficiently efficacious. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted).

      In the instant action, Defendant's time to respond to the Complaint expired on January 29, 2024. As such, Plaintiff's delay in prosecuting the suit up until the February 14, 2024 Order to Show Cause covered a span of sixteen days. Days or weeks of delay "typically do[] not warrant dismissal." *Chavis v. City of New York*, No. 17 Civ. 9518 (PAE) (BCM), 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018), *report and recommendation adopted*, 2018 WL 6528238 (S.D.N.Y. Dec. 11, 2018). It should be mentioned that the January 30, 2024 Order, which also threatened dismissal, was issued a mere day after expiration of the answer deadline.



**Mars Khaimov Law, PLLC**

  While Plaintiff did receive prior notice that further delays could result in dismissal, via the January 30 Order, Plaintiff urges the Court to more heavily weight the fact that this action has not lagged on the Court's docket for months or years, or even weeks. It has only been two months since this action was commenced on December 20, 2023. As the Defendant has failed to participate herein, there has been no prejudice to the Defendant as a result of Plaintiff's delay. Further, there are undoubtedly lesser measures than outright dismissal the Court can impose, Plaintiff respectfully urges the Court to allow for the progression of the action here.

  As such, Plaintiff respectfully requests that Plaintiff be allowed to seek a default judgment against Defendant in accordance with Your Honor's individual rules by March 6, 2024. In the interim, Plaintiff will put its Request for a Certificate of Default on file on the date of this letter.

  Plaintiff acknowledges Your Honor's intention to ensure that cases filed with the Court are prosecuted expeditiously, and for Counsel to be proactive in doing so. That point is taken, and Counsel will ensure that the proper protocols will be put in place for that to occur on a consistent basis.

  We thank Your Honor for the attention and consideration herein, and apologize again to the Court for its need to prompt Plaintiff's response herein.

              Respectfully submitted,

              */s/ Mars Khaimov*
              Mars Khaimov, Esq.
              Attorneys for Plaintiff

Counsel's explanation is baffling.  "Shall" means "shall," not "may."  Moreover, the Court's Order explicitly warned that "[i]f no motion for default judgment is filed by the deadline set forth above, the case may be dismissed for failure to prosecute without further notice to the parties."  The Court is well aware of the fact that counsel has filed more cases in this District than any other lawyer in the last few years.  *See Castro v. Outdoorsmans Resale, Inc.*, No. 23-CV-3516 (JMF), 2024 WL 659943, at *3 n.2 (S.D.N.Y. Feb. 16, 2024).  Counsel is cautioned, however, that the burdens of such a large caseload are no excuse for failing to read the Court's Orders with care and to comply with them in a timely fashion and that failure to do so going forward could result in sanctions.  *See id.* at *2-5.  Be that as it may, the Court will not dismiss the case at this time and grants Plaintiff until March 6, 2024, to file any motion for default judgment.  Failure to do so by that date *will* result in dismissal without further notice (in addition to other possible sanctions).

            SO ORDERED.

            February 23, 2024